

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-8-2008

# Lu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3001

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lu v. Atty Gen USA" (2008). *2008 Decisions.* Paper 879.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/879

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3001
_____

HONG YAN LU,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of Removal of the Board of Immigration Appeals
Agency No.  A97-391-232
Immigration Judge: Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 18, 2008

Before: BARRY, SMITH and HARDIMAN, Circuit Judges

(Opinion filed:  July 8, 2008)
_____

OPINION
_____

PER CURIAM

     Hong Yan Lu petitions for review of an order of the Board of Immigration

Appeals ("BIA"), dismissing her appeal from an order of an Immigration Judge ("IJ") that

denied her application for asylum, withholding of removal or protection under the

Convention Against Torture ("CAT"). As the IJ's adverse credibility determination is supported by substantial evidence, we will deny the petition for review.

Lu, a native and citizen of the People's Republic of China, was paroled into the United States on August 23, 2003, in Miami, Florida. On September 2, 2003, the Department of Homeland Security ("DHS") served Lu a Notice to Appear, charging her with being subject to removal under § 212(a)(6)(C)(ii) of the INA, for falsely representing herself as a U.S. citizen to gain an immigration benefit, and § 212(a)(7)(A)(i)(I), for lacking a valid entry document. Lu admitted the allegations and applied for asylum and withholding of removal or CAT relief. The IJ denied relief, finding that Lu had not testified credibly about her past or present connection with Falun Gong or her fear of persecution upon return to China. The BIA affirmed.

Lu argues that the IJ's adverse credibility determination, as affirmed by the BIA, is not supported by substantial evidence. She also contends that her claim succeeds based on the State Department's country conditions report for China.

We have jurisdiction to review a final order of removal of the BIA under 8 U.S.C. § 1252(a)(1). Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir. 2001). "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We review the BIA's and IJ's factual findings for substantial evidence. Briseno-Flores v. Att'y Gen., 492 F.3d 226, 228 (3d Cir. 2007).

2

An applicant for asylum bears the burden of establishing that she is unable or unwilling to return to her home country "because of [past] persecution or well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]" 8 U.S.C. § 1101(a)(42)(A); see 8 C.F.R. § 1208.13(a); Abdille v. Ashcroft, 242 F.3d 477, 482 (3d Cir. 2001). "The [applicant] must show by credible, direct, and specific evidence an objectively reasonable basis for the claimed fear of persecution." Chen, 376 F.3d at 223.

The IJ's adverse credibility determination in this case is supported by substantial evidence. The BIA found it significant that Lu testified that her mother was forcibly arrested for participating in Falun Gong before Lu left China, contrary to Lu's mother's statement in a letter that she turned herself in to the authorities after Lu left China. The BIA noted that Lu indicated on her asylum application that she resided with her parents prior to fleeing China, but she testified later that she was in hiding at a friend's home prior to fleeing China. Finally, the BIA noted that, upon her initial entry to the United States at the Miami International Airport, Lu stated that her sole reason for coming to the United States was to find work because there were no jobs in China; she made no mention of Falun Gong. Although we have held that immaterial discrepancies between airport interviews and subsequent testimony should not be used to make an adverse credibility determination, the discrepancy here is central to Lu's application, as it relates to her reasons for seeking entry to the United States. An IJ may properly rely on more

3

substantial discrepancies when the airport interview was conducted in the petitioner's native language, and there are no concerns about the manner in which the interview was conducted or transcribed. Chen, 376 F.3d at 224. Lu was interviewed at the airport in her native language, Mandarin, and her statements were elicited under oath and then transcribed. Accordingly, the IJ and the BIA properly relied upon discrepancies between Lu's testimony at the merits hearing and her prior statements under oath at the airport.

We also disagree with Lu's assertion that her asylum claim succeeds on the strength of the evidence of persecution of Falun Gong members contained in the country conditions report. The country conditions report does not compel a finding that Lu has met her burden of proof to show an objectively reasonable basis for her claimed fear of persecution. Lu's asylum claim, therefore, must fail. It follows that Lu is not eligible for withholding of removal. Ghebrehiwot v. Att'y Gen., 467 F.3d 344, 351 (3d Cir. 2006). Lu also has not demonstrated that, more likely than not, she would be tortured if she is forced to return to China. Accordingly, her claim for relief under CAT also fails. For the foregoing reasons, we will deny the petition for review.